## In re BRIGHT, Bankrupt.[*]

*(District Court, E. D. Pennsylvania. November 11, 1881.)*

1. BANKRUPTCY—DISCHARGE—ASSENT FRAUDULENTLY PROCURED—ESTOPPEL.

> A creditor, whose assent to the bankrupt's discharge was procured by the promise of a pecuniary consideration, is estopped from afterwards setting up the fraud as a ground of objection to the discharge; but other creditors, upon learning of the fraud, may object to the discharge upon that ground.

Motion for Discharge.

The register, to whom was referred the specifications against discharge, reported the testimony, the material parts of which are referred to in the opinion, and recommended the discharge of the bankrupt.

*A. P. Spinney,* for bankrupt.

*Benj. H. Haines* and *J. M. Washburne,* for creditors.

BUTLER, D. J. The specification of objection that Mr. West's assent to the discharge was procured by the bankrupt, or by Mr. Torry for him, by means of a pecuniary consideration, is fully sustained by the proofs. Mr. West, when his assent was applied for, demanded $1,000, which the bankrupt declared himself unable to furnish. Mr. West pointed to the judgments held by Mr. Torry, as a means of securing it. These judgments, which had been entered in Mifflin county as well as in Schuylkill, had simultaneously been sued out in both places; and while it seems that the entire amount due was realized in Schuylkill, $1,000, or nearly so, were collected, and still

[*]Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

in counsel's hands, in Mifflin. This money in Mifflin was pointed out by Mr. West as a means of securing what he required. The suggestion was adopted by the bankrupt; and by arrangement between himself, Torry, and Mr. West, the judgments were transferred, to enable the latter to obtain the money in Mifflin county. After the assent was thus obtained, it was discovered that this money, (which, it would seem, should have passed to the assignee in bankruptcy, as the property of the bankrupt,) had previously been transferred by Mr. Torry to others, on the bankrupt's account. Mr. West, in consequence, realized nothing on his transfer. This latter fact, however, is unimportant. His assent was obtained by means of the pecuniary consideration held out. That this consideration failed, and he was disappointed, is immaterial. He fully expected to obtain the money; and it is quite probable the bankrupt and Torry united in this expectation, for the former testifies that he did not know of the previous transfer, and the latter says he had forgotten it. In the assignment it is expressly stated that no such previous transfer had been made. I have no doubt that both West and the bankrupt expected the money to be paid on the transfer to West. West certainly did. Whether the bankrupt did or did not is immaterial; he held out this consideration, and by means of it obtained the assent. Still, if Mr. West alone appeared to resist the discharge we would hold *him* estopped, as respects this objection. Being a party to the fraud, we would not permit him to set it up, in his own relief. He complains only because he did not succeed in obtaining the unfair advantages which he sought. If he had received the money he would have been satisfied, and allowed his co-creditors to suffer from his fraud. But while the objection will not avail Mr. West, other creditors, who appeared on learning the facts, may urge it. They are not too late. They knew nothing of the fraud until the quarrel between the parties to it revealed the facts. That Mr. West may derive advantage from their interference is unimportant; the bankrupt is not in position to object.

Without noticing any other specification presented, it is sufficient to say that this is fatal. As the case stands the discharge cannot be allowed.